UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Trustees of the Minnesota Cement Masons
and Plasterers Fringe Benefit Funds,

Civil No. 06-3862 (PAM/JSM)

Plaintiffs,

v.

**ORDER**

David R. Maros, individually and doing business
as Dave's Concrete Service, L.L.C.,

Defendant.

This matter is before the Court on Plaintiffs' Motion for an Entry of Default.  For the

reasons that follow, the Court grants the Motion.

Plaintiffs are trustees and fiduciaries of various fringe benefit trust funds that were

established to provide fringe benefits and training to cement masons (hereinafter "Funds").

The Funds are maintained by unions and employers for the benefit of workers pursuant to

a collective bargaining agreement.  As trustees of the Funds, Plaintiffs are responsible for

determining and collecting the amount due to the Funds from employers who have entered

into the collective bargaining agreement.

In May 2004, Defendant agreed to be bound to a collective bargaining agreement

between the Minneapolis and St. Paul Builders Division of Associated General Contractors

of Minnesota and the Cement Masons, Plasterers and Shophands Local No. 633.  The

collective bargaining agreement requires employers to submit to Plaintiffs' third-party

administrator monthly contributions on behalf of employees, as well as contribution report

forms necessary to calculate and collect the contributions.  According to the Complaint,

Defendant has neither remitted contribution payments nor submitted contribution report forms.  (Compl. ¶¶ 5-8.)

Plaintiffs now seek an entry of default against Defendant.  Plaintiffs filed a Summons and Complaint on September 27, 2006, and served the Summons and Complaint on Defendant on October 3, 2006.  Defendant has failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel.  Accordingly, an entry of default is proper.  See Fed. R. Civ. P. Rule 55(a).

Accordingly,  **IT IS HEREBY ORDERED** that:

1.     Plaintiffs' Motion for Entry of Default (Docket No. 3) is **GRANTED**;

2.     Within ten days of this Order, Defendant shall submit to Plaintiffs' third-party administrator all delinquent fringe benefit contribution report forms, as well as all company books and records necessary to complete a fringe benefit contribution audit;

3.     Plaintiffs may thereafter move the Court for an entry of a money judgment to pay all amounts due pursuant to the audit; and

4.     Defendant is **ENJOINED** from further failure or refusal to produce records to Plaintiffs as required by the collective bargaining agreement.

Dated: January 11, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge